FILED
HARRISBURG, PA

NOV 18 2024

PER _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL FERNSLER, HQ-0102
   Defendant
      vs.
1. COURT OF COMMON PLEAS
   OF LEBANON COUNTY
2. MICHAEL DIPALO
   Defendants

NO. 1:24-cv-1987

NO JURY TRIAL DEMAND

## CIVIL COMPLAINT

### I. Nature of Complaint

Civil Rights Action under 42 U.S.C. §1983

### II. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. §1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middel District of Pennsylvania is an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred.

### III. Plaintiff

3. Michael Fernsler, HQ-0102, SCI-Coal Township, 1 Kelley Drive, Coal Township, PA 17866.

A convicted and sentenced state prisoner.

### IV. Defendant(s)

4. Court of Common Pleas of Lebanon County, (collectively Lebanon County Court) a county government in Pennsylvania, 400 South Eighth Street, Lebanon, PA 17042.

The County Court is responsible for the actions and procedures that occur within

1

the judicial branch of the courthouse.

5. Michael Dipalo, Detective within the Lebanon County Detectives Bureau, 400 South Eighth Street, Lebanon, PA 17042. He was a detective for the county detectives bureau at the time of the violation herein.

6. Each defendant is sued individually, and in their official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

## V.     Facts

7. Upon information and belief, the Plaintiff has been denied access to his criminal court case transcripts since sentencing in May 14, 2008 which has prevented him from filing accurate and timely appeals guaranteed by the U.S. Constitution, Pennsylvania Constitution, federal law, and state law. The Plaintiff is citing Discovery Rules which states that "the statutue of limitations for a cause of action does not begin to run until the time that the injured party discovers or reasonably should have discovered the injury". Lebanon County Court intentionally concealed the fact that transcripts were never transcribed for the criminal hearings and that the criminal record has been destroyed which became known by the Plaintiff in February 2023.

8. Upon information and belief, Lebanon County Court has obstructed the Plaintiff's efforts to file adequate and complete appeals by concealing the true disposition of the transcripts and records. Plaintiff's attempts and requests for court transcripts have spanned many years and the resulting orders of court have been denials for the transcripts.

9. Upon information and belief, the Plaintiff filed PCRAs and higher court appeals with requests for transcripts which have been all denied, as well as Motions for Request of Transcripts and AOPC transcript requests which have been denied. The Plaintiff's requests are: May 15, 2009, October 9, 2012, March 2, 2016, May 23, 2016, October 5, 2022, and November 16, 2022. **(see Ex. 1)**

10. Upon information and belief, the Plaintiff's mother filed an AOPC transcript request form November 14, 2022 with the court and received no response. Mother sent a letter to the Clerk on January 28, 2023 and received no response. Mother received a letter from Deputy Court Administrator Howard February 24, 2023 stating that transcripts were never produced and the whole criminal record was destroyed after

seven years from sentencing in conformity with Records Retention Policy. This is the first truthful explanation as to the fact that transcripts were never produced. **(see Ex. 2)**

11. Upon information and belief, Plaintiff wrote a letter to Ms. Howard April 15, 2023 inquiring about the letter to his mother and received no response. Plaintiff wrote letter to Ms. Axarlis of the Commissioner's Office and received no response. The Court and the County Commissioner's Office have conducted as a routine practice to not respond to inquiries in regards to their criminal records and transcripts due their rules of concealment to prevent lawful appeals. **(see Ex. 3)**

12. Upon information and belief, Plaintiff filed a Right to Know request with the court for a copy of the Record Retention Policy and the court responded that they do not have a copy of the policy, which they adamantly claim to follow, as it is held by the Pennsylvania Historic and Museum Commission. Plaintiff filed a Right to Know request with the Museum Commission for the policy and received it.

13. Upon information and belief, pursuant to the Record Retention Policy, under CC-10 Criminal Papers/files, if it is a guilty ruling for a felony, the retention schedule is for a period of Fifty years after sentencing. The Criminal Papers/files section includes: affidavits, agreements, answers, appeals, bail bonds, bills of costs, certifications, citations, colloquies, commitments, complaints, docket transcripts, fingerprint cards, indictments, information, motions, opinions, orders, petitions, pleas, praecipes, requests, returns, of service, rules, stipulations, transcribed testimony, verdicts, and warrants. The Plaintiff will not begin the Lebanon County sentence until the year 2034. The court claims that the record has been destroyed seven years after sentencing which indicates that it was destroyed in 2015. If the record has been destroyed, there is no sentence commitment for the Plaintiff to serve a sentence, the transcripts, if they were ever produced, are destroyed, there is no document for the guilty verdict, there is no document for the plea of guilty, and there is no affidavit of probable cause for the crime. The court violated the policy that they claim they followed. **(see Ex. 4)**

14. Upon information and belief, Plaintiff filed a PCRA to argue government interference and the discovery of new evidence comprising of the new information that transcripts never existed and the record had been destroyed. The PCRA was dismissed and the Plaintiff filed a Notice of Appeal with the Superior Court. The Plaintiff was

following the Court Rules of Criminal Procedure prior to filing this civil action.

15. Upon information and belief, the Superior Court provided a document dated Octotober 24, 2023, describing the Responsibilities of Counsel and Litigants and Responsibilities of the Trial Court Clerk. The Litigant was to file a docketing statement pursuant to Pa.R.A.P. 3517 which the Plaintiff completed; ensure the record is adequate for review pursuant to Pa.R.A.P. 1921 which extends to ordering the trial transcripts. The Plaintiff filed the request for the transcripts but was not provided them. The clerk pursuant to Pa.R.A.P. 1931(c) is vested with compiling, cerifying, and transmitting the record on appeal which includes the transcript of proceedings and shall be accompanied by any documentary exhibits necessary for determination of appeal; pursuant to Pa.R.A.P. 1931(d), the clerk is to provide a list of record documents to defense counsel/defendant. The clerk did not provide a record inventory to the Plaintiff which is in violation of the court rules. Plaintiff filed a request for transcripts on November 15, 2023 upon the Court of Common Pleas. On November 22, 2023, Hon. Tylwalk issued an order stating that transcripts were denied as "nothing pending in the court" even as the clerk was transmitting the "record" to the Superior Court. In addition, the Superior Court sent notice to the Plaintiff that the record had been filed on November 13, 2023 and on December 27, 2023, an assistant district attorney was assigned on the appeal. **(see Ex. 5)**

16. Upon information and belief, the court claims that the record does not exist but some form of the record was transmitted to the Superior Court and the Court of Common Pleas refuses to provide the contents of the record that was transmitted.

17. Upon information and belief, Plaintiff filed a Civil Action (2024-CV-1112) in the court of common pleas on July 5, 2024 and received one response from the summons upon the Public Defenders Office; all other defendants did not respond in writing to the Plaintiff. An Order of Court dated August 19, 2024, ordered upon Praecipe for Oral Argument associated with Preliminary Objections of Defendants Dipalo, Lebanon Countty Detectives Bureau, Lebanon County Sheriff's Office, and Lebanon County Office of Public Defender, Proponent's brief due September 6, 2024 and Oppenent's brief due September 20, 2024.  Plaintiff had listed Lebanon County Court as a defendant which did not appear on the Order. He filed a Request for Venue

Change, In Forma Pauperis, and Appointment of Counsel; no rulings ever occurred for those requests. Plaintiff strongly believes that the court was not following civil procedure due to the ruling from a judge form Northumberland County which dismissed the action prior to the Plaintiff's briefing date to defend against the Praecipe. Plaintiff filed a Request to Quash the action on the same date as the ruling of dismissal so that he could seek relief in the United Stated District Court. **(see Ex. 6)**

18. Upon information and belief, the Plaintiff filed Right to Know Request with the court for any documents remaining for his guilty plea and sentencing. The court responded that they do not have any documents for the docket number and to seek the documents with the Pennsylvania Parole Board. The Plaintiff filed Right to Know with the parole board and they responded that they do not have any documents under the docket number and advised that the Plaintiff seek the documents with the Corrections Department. The Plaintiff filed a Right to Know with the Corrrections Department and they responded that they are unable to provide and documents to the Plaintiff as the docket is of a criminal matter and prohibited to be released. The Plaintiff has in his possession no documents supporting his guilty plea and sentence commitment. **(see. Ex. 7)**

Upon information and belief, Plaintiff was advised of Miranda Warnings by Lebanon County Detectives on November 13, 2007 after his arrest in North Londonderry Township, Lebanon County, pursuant to an investigation for a sexual assault. Plaintiff invoked his right to counsel and to remain silent until counsel was present. Plaintiff signed and dated the Miranda Warning document. Plaintiff was placed in continuous custody in the county jail. Defendant Dipalo, who had no involvement with the arrest or investigation, came to the jail uninvited by the Plaintiff on November 26, 2007 and was told by Plaintiff that he had applied for a public defender but had not received a response. Pursuant to Dipalo's report of record, he stated that he understood that Plaintiff had invoked Miranda, requested a Public Defender, had not been assigned on yet, and that he would no be speaking to Plaintiff in reference to the investigation. Dipalo did not reissue Miranda and proceeded to question Plaintiff about similar crimes in the county, vehicles registered to Plaintiff, and Plaintiff's resignation from his employment. Dipalo then questioned Plaintiff about the current investigation such as

5

evidence that was collected, reasons for choosing the victim, and if there was an thought of killing the victim. **(see Ex. 8)**

19. Upon information and belief, with the knowledge and understanding that Plaintiff had invoked Miranda and stated in his report that he would not question him in regards to the investigation, Dipalo did in fact question Plaintiff without counsel present violating the Plaintiff's Constitutional Rights. Dipalo was reprimanded in 2009 by a judge in criminal court for using suggestive and unethical procedures during a robbery investigation which follows a history of such practices.

## VI.   Legal Claims

20. The withholding, concealing, and untruthfulness by the Court regarding the Plaintiff's criminal transcripts and record violated the Plaintiff's Constitutional Rights pursuant to United States Constitution Amendment Five which holds that "nor be deprived of life, liberty, or property, without due process of law"; Amendment Six which holds that "to have compulsory process for obtaining witnesses in his favor"; and Amendment Fourteen which holds that "nor shall any State deprive any person of life, liberty, and property, without due process of law; nor deny to any person withing its jurisdiction the equal protection of the laws".

21. The Plaintiff's Pennsylvania Constitutional Rights pursuant to Article One, Section Twenty, was violated which holds that "citizens have a right to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance".

22. The Plaintiff's rights were violated by the Court's violations of Pa.R.Crim.P. 115 which holds that "all proceedings on open court shall be recorded"; Pa.R.Crim.P. 704 holds that "the trial judge shall require that a record of the sentencing proceedings be made and preserved so that it can be transcribed as needed"; Pa.R.A.P. 1931(c)(d) holds that the clerk is responsible for compiling the record and providing a record inventory to the defendant for review. Where a state establishes the right to appeal, it cannot deny that right to an indigent by refusing to supply a transcript (Williams v. Oklahoma). A defendant's right to a meaningful appeal requires that he be provided with a copy of the transcript of other equivalent picture of trial proceedings (Comm. v. DeSimone).

23. Dipalo violated the Plaintiff's Constitutionall Rights, Federal Laws, and State Laws for the illegal questioning of the Plaintiff after invocation of his Miranda Rights. He violated the Sixth Amendment Right of the United States Constitution pursuant to the right to counsel prior to questioning and Article One, Section Nine of the Pennsylvania Constitution pursuant to the right to have counsel present. A statement obtained in violation of a defendant's right to counsel should result in suppression (Maine v. Moulton; U.S. v. Henry; Escobedo v. Illinois; Massiah v. U.S.). Miranda Warnings are triggered by custodial interrogation and is a constitutional guideline that law enforcement agencies must follow (Miranda v. Arizona). It is not simply custody plus questioning which calls for the Miranda safeguards but custody plus police conduct calculated to, expected to, or likely to evoke admissions (Rhode Island v. Innis, Comm. v. Simala). Once a defendant invokes the right to counsel during custodial interrogation, a valid waiver of that right cannot be established by showing only the defendant responded to further police initiated custodial interrogation. Further interrogation is not permitted unless the defendant intitiates further communication with the police (Edwards v. Arizona). When counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with an attorney (Minnick v. Mississippi). Once a defendant who is being held continuously in custody had invoked his right to counsel, any subsequent interrogation about an unrelated matter is prohibited in the absence of a waiver obtained pursuant to the Edwards Rule (Arizona v. Roberson). The court held that where a suspect invokes his Fifth Amendment right to counsel, state officials are prohibited from interrogating the suspect without the presence of counsel (Comm. v. Santiago).

**VII.   Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting Plaintiff:

24. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

25. Compensatory damages, Punitive damages, and any other damages that the court deems just, proper, and equitable.

26. Plaintiff's costs of this suit.

DATE: November 12, 2024

_Michael Fernsler_
Michael Fernsler, HQ-0102

**VERIFICATION:**

I have read the foregoing complaint and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Clerk of Courts,

    I am incarcerated at SCI-Coal Township and have completed a Civil Action Complaint as a Plaintiff. I am submitting an In Forma Pauperis to the court, but the procedures at the prison are strict. I submitted a copy of the In Forma Pauperis with the Business office of the prison so that they may provide the court with a certified copy of the past six months of my financial account. I provided the request to the business office on the same day as I mailed the copies of the complaint to the Middle District Court. Please maintain the complaint until the business office provides you with the financial documents and In Forma Pauperis.

    Thank you for your consideration.

*Michael Fernsler*
Michael Fernsler
November 12, 2024

FILED
HARRISBURG, PA

NOV 18 2024

PER _____
DEPUTY CLERK

Michael Fernsler HQ0102
SCI-Coal Township
1 Kelley Drive
Coal Township PA 17866

**RECEIVED**
HARRISBURG, PA
NOV 18 2024
PER _____ DEPUTY CLERK

Sylvia H. Rambo
U.S. Courthouse
Att: Clerks office
1501 N. 6th Street
Harrisburg PA 17102



USPS TRACKING #
9488 8090 0027 6131 3148 80



INMATE MAIL
PA DEPT. OF CORRECTIONS